JAMES KRUEGER, ESQ. 492
2065 Main Street, Suite 102
Wailuku, Maui, Hawaii 96793
(808) 244-7444 (Telephone)
(808) 244-4177 (Facsimile)

Attorney for Plaintiffs
#20-22 JK:smh

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LOUIS FEOLA, GRETCHEN GRUBEL, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTIN OPERATOR LLC dba WESTIN MAUI RESORT & SPA, MAUI OPERATING LLC, WM LESSEE LLC, CAMPBELL HAWAII INVESTOR LLC, AQUALANI RECREATION TWO CORPORATION, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT |

COMPLAINT

1.  At all times relevant herein, plaintiffs Louis Feola and Gretchen Grubel were husband and wife and citizens of the State of California, U.S.A.

2.  At all times relevant herein, defendant WESTIN OPERATOR LLC was a limited liability company organized under the law of the State of Delaware as a citizen of the State of Delaware, registered in the State of Hawaii as a foreign limited liability company, having its principal place of business in the State of Hawaii, and was not, and is not, a citizen of the State of California.

3.  At all times relevant herein, defendant MAUI OPERATING LLC was a limited

liability company organized under the law of the State of Delaware as a citizen of the State of Delaware, registered in the State of Hawaii as a foreign limited liability company, having its principal place of business in the State of Hawaii, and was not, and is not, a citizen of the State of California.

4. At all times relevant herein, defendant WM LESSEE LLC was a limited liability company organized under the law of the State of Delaware as a citizen of the State of Delaware, registered in the State of Hawaii as a foreign limited liability company, having its principal place of business in the State of Hawaii, and was not, and is not, a citizen of the State of California.

5. At all times relevant herein, defendant CAMPBELL HAWAII INVESTOR LLC was a domestic limited liability company organized under the law of the State of Hawaii, which company was manager-managed by a member of one, that member being James Campbell Company LLC, and was not a citizen of the State of California, but had its principal place of and did business in Hawaii at 1001 Kamokila Boulevard, Kapolei, Hawaii 96707, and therefore is a citizen of the State of Hawaii.

6. At all times relevant herein, defendant AQUALANI RECREATION TWO CORPORATION was a legal entity incorporated or otherwise legally established under the law of the State of Hawaii, having its principal place of business in Hawaii, and was, therefore, a citizen of the State of Hawaii, which did business in the State of Hawaii.

7. No defendant was a citizen of the State of California, or organized, incorporated thereat, or had its principal place of business thereat.

8. At all times relevant herein, named defendants, and/or any of them, jointly and/or severally, are hereby referred to as "Hotel", which operated or maintained a first-class beachfront hotel which did business at 2365 Ka'anapali Parkway, Lahaina, Maui, Hawaii, U.S.A., under the name, "The Westin Maui Resort & Spa".

9. This Court has jurisdiction over the subject matter of this proceeding and the parties named herein. The events described herein occurred within the County of Maui, State of

Hawaii, and/or the ocean adjacent to the beach fronting Hotel, within this District, so that venue is proper in this Court.

10. There is complete diversity of citizenship between plaintiffs and defendants pursuant to 28 U.S.C. Section 1332(a)(2), (c)(1).

11. On and before June 15, 2019, Hotel, named defendants inclusive, owned, maintained, operated, leased, advertised, designed, those certain beachfront hotel premises situate at or near Ka'anapali Beach, Island of Maui, State of Hawaii, as a first-class resort facility, which offered to the public, including plaintiffs, various and sundry resort and recreational services and activities thereat and the adjacent beach and offshore ocean.

12. On and before June 15, 2019, Hotel represented and advertised that the ocean fronting the beach adjacent to the premises of Hotel was a safe and fit area in which guests could recreate.

13. On and before June 15, 2019, Hotel advertised and represented, in text and photographically, or pictorially, the Pacific Ocean, located adjacent to the beach fronting the Hotel, that said offshore ocean was a safe and fit area in which to recreate.

14. On and before June 15, 2019, Hotel knew, or should have known, that the ocean, adjacent to the beach fronting Hotel, had been subject to the existence of shorebreak which had caused paralysis, and other similar head, neck or spinal cord injuries, to its guests and others.

15. Prior to June 15, 2019, one or more guests of Hotel, and/or other ocean users, had suffered head, neck and/or spinal cord injury in the ocean fronting the beach adjacent to Hotel.

16. On or about June 15, 2019, plaintiffs were guests at Hotel.

17. At all times relevant herein, a special relationship existed between Hotel and plaintiffs.

18. On June 15, 2019, no signs or flags existed on Hotel's property warning plaintiffs that dangerous conditions existed in the offshore ocean.

19. On June 15, 2019, no signs or flags existed on the beach fronting Hotel warning plaintiffs that dangerous conditions existed in the offshore ocean.

20. On June 15, 2019, no plaintiff saw signs or flags on Hotel's real property, or beach fronting Hotel's said property, describing ocean hazards or dangers, and/or warning or advising about dangerous ocean conditions.

21. On June 15, 2019, prior to Louis Feola entering the ocean as herein mentioned, no certified or licensed lifeguard(s) were on duty, posted, or located on the Hotel premises or beach adjacent thereto.

22. On and before June 15, 2019, Hotel provided pool and beach services to guests of Hotel, including plaintiffs, utilizing the beach fronting Hotel's premises adjacent to the ocean.

23. On and before June 15, 2019, neither Hotel nor any beach services personnel providing beach services to guests of Hotel, as aforesaid, including plaintiffs, warned plaintiffs, or either of them, of any dangerous condition existing in the ocean offshore the beach adjacent to Hotel's premises.

24. On and before June 15, 2019, Hotel failed to warn or advise plaintiffs that the ocean fronting the beach adjacent to Hotel premises was not a safe nor fit area in which to recreate.

25. On June 15, 2019, plaintiff Louis Feola entered the ocean fronting the beach adjacent to Hotel wherein he suffered, among other things, paralyzing injury.

26. On June 15, 2019, at the time and before plaintiff Louis Feola suffered paralyzing injury, ocean conditions fronting the beach adjacent to Hotel did not appear hazardous or dangerous to plaintiffs.

27. Below is a true and correct photograph of a sign depicting ocean conditions which was located on the premises of Hotel on June 15, 2019.

28. Below is a true and correct photograph of a sign depicting ocean conditions which was located near the premises of Hotel on June 15, 2019.

29. Below is a true and correct photograph of a sign depicting ocean conditions which was located near the premises of Hotel after June 15, 2019.

30. The below sign was not located on real property located near to and/or fronting the Hotel premises on June 15, 2019.

31. The below sign was not located on the premises of Hotel on June 15, 2019.

32. On June 15, 2019, no sign, identical, or substantially similar to, that shown below, existed on Hotel premises.

33. On June 15, 2019, no sign, identical, or substantially similar to, that shown below, existed on real property near to the premises of Hotel.



34. Hotel does not have a true and accurate copy of any sign which was on its premises on June 15, 2019, describing ocean hazards foreseeably existing within the ocean adjacent to the beach fronting Hotel.

35. The conduct of Hotel violated <u>Hawaii Revised Statutes</u> 486K-5.5 which states:

> [§486K-5.5].   Hotelkeeper's liability limited for certain beach and ocean activities
>
> In a claim alleging injury or loss on account of a hazardous condition on a beach or in the ocean, a hotelkeeper <u>shall be liable</u> to a hotel guest for damages for personal injury, death, property damage, or other loss resulting from the hotel guest going onto the beach or into the ocean for a recreational purpose, including wading, swimming, surfing, body surfing, boogie boarding, diving, or snorkeling, only when such loss or injury is caused by the hotelkeeper's failure to warn against a hazardous condition on a beach or in the ocean, known, or which should have been known to a reasonably prudent hotelkeeper, and when the hazardous condition is not known to the guest or would not have been known to a reasonably prudent guest.  A hotelkeeper owes no duty and shall have no liability for conditions which were not created by the hotel to a person who is not a guest of the hotel for injury or damage resulting from any beach or ocean activity.
>
> As used in this section, "beach" means the beach fronting the hotel, and "hotel guest" means a guest of that particular hotel and other persons occupying the assigned rooms. (emphasis added)

36. The conduct of Hotel violated federal law decided in <u>Tarshis v. Lahaina Investment Corporation</u>, 480 F.2d 109 (9 Cir. 1973).

37. The conduct of Hotel, mentioned above, was negligent.

38. No plaintiff engaged in any negligent conduct which was a legal cause of any injuries suffered by plaintiffs, or either of them.

39. As a legal result of the foregoing, on June 15, 2019, and thereafter, as a result of being struck by an ocean wave, Louis Feola suffered serious and permanent physical and emotional and mental distress, physical injury caused by the aforesaid dangerous aquatic condition, or warning failure, <u>etc</u>., including paralysis, as well as medical, rehabilitative, and related expense resulting from care rendered for the injuries suffered by him, pain, limitation of activity, reduction of enjoyment of life's activities, marital consortium, impairment of earning capacity and/or loss of wage, and other related damages as shall be proved at the time of trial.

40.     As a further legal result of the foregoing, Gretchen Grubel sustained serious grief and severe and permanent mental and emotional distress caused by seeing Louis Feola suffering permanent spinal injury, on and after June 15, 2019, as well as diminution or loss of marital consortium, guidance, <u>aloha</u>, services, and companionship which she had enjoyed with Louis Feola before June 15, 2019, and other related damages, as shall be proved at time of trial.

41.     The amount of damages suffered and continuing to be suffered by plaintiffs, given the quadriplegia of Louis Feola, exclusive of interest and costs, vastly exceeds $75,000, and is sufficient to vest this Court with jurisdiction, pursuant to 28 <u>U.S.C.</u> Section 1332(a)(2), (c)(1).

WHEREFORE, upon hearing hereof, plaintiffs pray that judgment be entered in their favor and against defendants, and/or any of them, jointly and severally, for such damages as to which they, or either of them, shall be entitled, pursuant to proof adduced at trial, together with costs of suit, attorney's fees, pre-judgment interest, post-judgment interest, and such other and further relief as to which they or either of them shall be entitled pursuant to Rule 54(c), <u>Federal Rules of Civil Procedure</u>.

DATED:  Wailuku, Maui, Hawaii, December 23, 2020.

/s/ JAMES KRUEGER, ESQ.
JAMES KRUEGER, ESQ.
Attorney for Plaintiffs