IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LOUIS FEOLA, GRETCHEN GRUBEL,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTIN OPERATOR LLC dba WESTIN MAUI RESORT & SPA, AQUALANI RECREATION TWO CORPORATION,<br><br>Defendants. | CIV. NO. 20-00569 JMS-RT<br><br>ORDER GRANTING DEFENDANT AQUALANI'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 86 |

## ORDER GRANTING DEFENDANT AQUALANI'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 86

### I. INTRODUCTION

Defendant Aqualani Recreation Two Corporation ("Aqualani") moves for summary judgment in this diversity suit in which Plaintiffs allege that Defendants Aqualani and Westin Operator LLC ("Westin")[1] were negligent in failing to warn Plaintiffs of a hazardous shorebreak at Kaanapali Beach that caused Plaintiff Louis Feola ("Feola") to suffer spinal injuries and paralysis. Aqualani argues that the evidence submitted by Plaintiffs is insufficient to create a genuine

---

[1] Westin has not joined Aqualani's Motion for Summary Judgment, nor has it filed its own motion.

issue of material fact as to whether Aqualani had a duty to warn Plaintiffs of the shorebreak.  ECF No. 86.  The court agrees and thus GRANTS the Motion.[2]

## II.  DISCUSSION

The parties are familiar with the factual record and the standard applicable to a motion under Federal Rule of Civil Procedure 56.  The court thus proceeds directly to the issues, discussing only the facts necessary to rule on the Motion and to set the ruling in context.

The First Amended Complaint asserts negligence based on Aqualani and Westin's alleged failure to warn Feola of an unreasonably dangerous condition—a "shorebreak" at Kaanapali Beach, Hawaii, "which had caused paralysis, and other similar head, neck or spinal cord injuries" to prior beachgoers—a condition allegedly known to Defendants but not to Plaintiffs.  ECF No. 9 at PageID ## 25, 28.  Plaintiffs were guests at the Westin at the time of the incident.  *Id.* at PageID # 25, ¶ 17.  They allege that the Westin is a "beachfront hotel . . . situate[d] at or near Kaanapali Beach."  *Id.*, ¶ 12; *see also* ECF No. 103 at PageID # 440, ¶ P6.  Aqualani leases a 424 square-foot space on the beachfront side of Westin's pool deck, and Aqualani uses that space to rent pool, beach, and ocean gear.  ECF No. 103 at PageID ## 444–45, ¶¶ 6–7.  On the day of Feola's

---

[2] The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

injury, Aqualani rented beach chairs and an umbrella (but not ocean gear) and

provided complimentary towels to Plaintiffs.  *Id.* at PageID # 447, ¶ 15.

Aqualani's employee set up the beach chairs and umbrella on the beach for

Plaintiffs.  *Id.* at PageID # 448, ¶ 17.

> Negligence under Hawaii law consists of
>
> (1) a duty or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks;
>
> (2) [a] failure on the defendant's part to conform to the standard required: a breach of the duty;
>
> (3) [a] reasonably close causal connection between the conduct and the resulting injury; and
>
> (4) [a]ctual loss or damage resulting to the interests of another.

*Bhakta v. Cnty. of Maui*, 109 Haw. 198, 211, 124 P.3d 943, 956 (2005), *as amended* (Dec. 30, 2005) (alterations in original).

Aqualani contends that Plaintiffs' negligence claim should be

dismissed because there is a lack of duty.  Plaintiffs identify three potential sources

of a duty to warn: first, the Hawaii statute defining hotelkeeper's liability for beach

and ocean activities, Hawaii Revised Statutes ("HRS") § 486K-5.5; second, the

Hawaii statute defining liability for providers of recreational activities, HRS § 663-

1.54(a); and third, Hawaii common law.  But none of those authorities placed

Aqualani under a duty to warn Plaintiffs given the evidence submitted by

Plaintiffs, and even viewing that evidence in the light most favorable to Plaintiffs.

**A.    Duty to Warn—Hotelkeeper's Statute, HRS § 486K-5.5[3]**

Under Hawaii law, a hotelkeeper can be liable for injuries to its guests

occurring on beaches fronting the hotel's property, pursuant to the following:

> In a claim alleging injury or loss on account of a
> hazardous condition on a beach or in the ocean, a
> hotelkeeper shall be liable to a hotel guest for damages
> for personal injury, death, property damage, or other loss
> resulting from the hotel guest going onto the beach or
> into the ocean for a recreational purpose, including
> wading, swimming, surfing, body surfing, boogie
> boarding, diving, or snorkeling, only when such loss or
> injury is caused by the hotelkeeper's failure to warn
> against a hazardous condition on a beach or in the ocean,
> known, or which should have been known to a
> reasonably prudent hotelkeeper, and when the hazardous
> condition is not known to the guest or would not have
> been known to a reasonably prudent guest.  A
> hotelkeeper owes no duty and shall have no liability for
> conditions which were not created by the hotel to a
> person who is not a guest of the hotel for injury or
> damage resulting from any beach or ocean activity.
>
> As used in this section, "beach" means the beach fronting
> the hotel, and "hotel guest" means a guest of that

---

[3] Although HRS § 486K-5.5 prescribes "liability" and not merely a duty that fits into common law negligence, the statute itself is best understood as a negligence statute that precisely defines scope of duty and breach of duty, while leaving causation and injury to their normal proofs.  *See id.* ("[A] hotelkeeper shall be liable to a hotel guest . . . only when such *loss or injury* is *caused* by the hotelkeeper's failure to warn . . . ." (emphases added)).  For that reason, the difference between asserting a claim under § 486K-5.5 and asserting a negligence claim that imports a statutory duty from § 486K-5.5 is just semantics.

particular hotel and other persons occupying the assigned
rooms.

HRS § 486K-5.5.  A "hotelkeeper" is "any individual, firm, or corporation actually operating a hotel."  *Id.* § 486K-1.  And a "hotel" is "an establishment consisting of any building or structure used primarily for the business of providing for consideration transient accommodation lodging facilities and that furnishes, as part of its routine operations, one or more customary lodging services, other than living accommodations," such as "restaurant facilities, or room attendant, bell, telephone switchboard, laundering, or concierge services."  *Id.*[4]  A "hotel" must therefore provide lodging facilities *and* at least one customary lodging service.

Plaintiffs argue that Aqualani is covered by § 486K-5.5 and thus had a duty to warn under that statute.  *See* ECF No. 102 at PageID # 426 ("Because providing 'basic functions and services' is part of what makes a hotel a 'Hotel' covered by the statute, a person providing such services to guests on the [Westin's] grounds, as Aqualani does, is therefore a 'Hotelkeeper,' with a statutory duty to warn Plaintiffs of the hazardous ocean conditions . . . .").  The "basic functions and services" identified by Plaintiffs are Aqualani's "allow[ing] guests to rent beach lounge chairs, an umbrella, and towels by charging the rental fee [to] their hotel room."  *Id.*

---

[4] For an establishment to qualify as a "hotel," it must also be "subject to the transient accommodations tax under chapter 237D."  HRS § 486K-1.

But Plaintiffs' argument wilts against the plain language of the statute. The fact that Aqualani could be viewed as providing some "customary services" does not undermine the commonsense conclusion that Aqualani is not a "hotelkeeper."  Aqualani only operates a beach-gear and pool-management business—it does not operate a "hotel" by any stretch of the imagination.  *See Wells Fargo Bank, N.A. v. Omiya*, 142 Haw. 439, 449, 420 P.3d 370, 380 (2018) ("To effectuate a statute's plain language, its words must be taken in their ordinary and familiar signification, and regard is to be had to their general and popular use." (citation and internal quotation marks omitted)).

In effect, Plaintiffs contend that there are two "hotelkeepers" in this case: Westin as a hotelkeeper providing traditional services such as dining and concierge, and Aqualani as a hotelkeeper providing the less traditional service of renting beach and ocean gear.  *See id.* at PageID ## 425–26.  But there can be only one "hotelkeeper" under the facts of this case because there is only one entity allegedly "fronting" the Kaanapali Beach that is "used primarily for the business of providing for consideration transient accommodation lodging facilities," HRS § 486K-1.[5]  That entity is not Aqualani, as there is no allegation or evidence that Aqualani offers transient lodging.

---

[5] The court takes no position on whether HRS § 486K-5.5 and the definitions in HRS § 486K-1 cover Westin.  The court is merely noting that if § 486K-5.5 was to apply in this case,

(continued . . . )

At best, to the extent Plaintiffs argue that Aqualani and Westin are one and the same, e.g., in an agent-principal relationship,[6] this might give rise to a vicarious-liability claim against Westin under § 486K-5.5, by virtue of Aqualani's alleged acts or failures to act. *See Restatement (Second) of Agency* § 214 (Am. L. Inst. 1958) ("A master or other principal who is under a duty to provide protection for or to have care used to protect others or their property and who confides the performance of such duty to a servant or other person is subject to liability to such others for harm caused to them by the failure of such agent to perform the duty."); *id.* cmt. d ("*Occupiers of land*. . . .  [T]he landlord, under a duty to a tenant to keep a common stairway in repair, is subject to liability for harm caused the tenant by the negligent repair or failure to repair by one whom he employs either as an independent contractor or as a servant.").

In short, only hotelkeepers are covered by HRS § 486K-5.5, and Aqualani is not a hotelkeeper because it does not provide lodging.  Aqualani did not, therefore, have its own duty to warn Plaintiffs under § 486K-5.5.

---

the only defendant potentially covered by that statute would be Westin, given that it is "the alleged operator of the Westin Maui Resort & Spa where Plaintiffs were hotel guests," ECF No. 86 at PageID # 254.

[6] *See* ECF No. 102 at PageID # 425 ("Aqualani's services are fully and seamlessly integrated into [Westin's] operations by the various provisions of the Lease . . . ."); ECF No. 9 at PageID # 24, ¶ 9 ("At all times relevant herein, named defendants, and/or any of them, jointly and/or severally, are hereby referred to as 'Hotel', which operated or maintained a first-class beachfront hotel . . . .").

**B.     Duty to Warn—Recreational Activities Statute, HRS § 663-1.54[7]**

Plaintiffs also argue that Aqualani had a duty to warn under HRS

§ 663-1.54.  ECF No. 102 at PageID # 427.  That statute states:

> (a) Any person who owns or operates a business
> providing recreational activities to the public, such as,
> without limitation, scuba or skin diving, sky diving,
> bicycle tours, and mountain climbing, shall exercise
> reasonable care to ensure the safety of patrons and the
> public, and shall be liable for damages resulting from
> negligent acts or omissions of the person which cause
> injury.
>
> (b) Notwithstanding subsection (a), owners and operators
> of recreational activities shall not be liable for damages
> for injuries to a patron resulting from inherent risks
> associated with the recreational activity if the patron
> participating in the recreational activity voluntarily signs
> a written release waiving the owner or operator's liability
> for damages for injuries resulting from the inherent risks.
> No waiver shall be valid unless:
>
>> (1) The owner or operator first provides full
>> disclosure of the inherent risks associated with the
>> recreational activity; and
>>
>> (2) The owner or operator takes reasonable steps to
>> ensure that each patron is physically able to
>> participate in the activity and is given the necessary
>> instruction to participate in the activity safely.

---

[7] Like the hotelkeeper's statute, the recreational-activities statute prescribes "liability" but is best understood as a negligence statute that precisely defines a scope of duty and breach of duty, leaving causation and injury to their normal proofs.  *See* HRS § 663-1.54 (defining liability in subsection (a) for "negligent acts or omissions of the person which *cause injury*," and qualifying that liability—i.e., no duty or breach—with a waiver exception in subsection (b) (emphasis added)).

HRS § 663-1.54(a)–(b).

Plaintiffs' Opposition appears to argue that Aqualani is liable under § 663-1.54 for *any* injuries occurring to its customers, due to the mere fact that Aqualani may have managed some recreational activities by renting ocean gear to some customers but not to an injured customer, such as Feola.  In other words, even if the injury was suffered by a customer while participating in a non-recreational activity (e.g., a napper in a beach chair suffering a severe sunburn), Aqualani would be liable because it has provided recreational activities to other customers at other times.  *See* ECF No. 102 at PageID # 427 ("Aqualani 'operates a business providing recreational activities to the public' and owed a duty to Plaintiffs to use reasonable care to protect them against hazardous and dangerous conditions in the ocean."); *see also* ECF No. 87 at PageID # 275, ¶ 13 (Aqualani admitting that, "at times[,] [it] has offered watersports activities and rented equipment to use in the ocean like snorkels and boogie boards").

Plaintiffs' argument is not supported by the plain language of the statute.  Although subsection (a) does not expressly limit covered "injur[ies]" to those caused by "recreational activities," subsection (b) makes that limitation clear by excepting liability against owners or operators that provide "disclosure of the inherent risks associated with the recreational activity."  HRS § 663-1.54(b) (also requiring, for the liability exception, that owners or operators ensure that patrons

9

are physically able to participate in the recreational activity). If Plaintiffs'

interpretation is adopted, it would lead to the absurd result of owners/providers

being able to waive liability for the more dangerous "recreational activities" but

unable to waive liability for the less dangerous non-recreational activities. *See id.*

("No waiver shall be valid unless: . . . ."); *see also* HRS § 1-15(3) ("Every

construction which leads to an absurdity shall be rejected.").

        Alternatively, Plaintiffs appear to assert that Aqualani is liable under

§ 663-1.54 because Feola was, in fact, participating in a recreational activity when

he was injured—purportedly, the "watersport activity of ocean bathing[,] which

Plaintiffs were induced to do when Aqualani showed them to a spot on the beach

[and] handed him towels." ECF No. 103 at PageID # 446, ¶ 13. The court rejects

that silly assertion, an assertion untethered to the surrounding language of the

statute[8] and having no support whatsoever in case law. *See* ECF No. 116 at

PageID ## 740–41 (Aqualani's Reply) (summarizing the handful of decisions

addressing § 663-1.54, which involve horse riding, off-road ATV tours, scuba

diving, hiking, and kayaking).

---

[8] The term "recreational activities" should be defined "by examining the context, with which the ambiguous [term] may be compared, in order to ascertain [its] true meaning." HRS § 1-15(1); *State v. Deleon*, 72 Haw. 241, 244, 813 P.2d 1382, 1384 (1991) ("There is a rule of construction embodying the words *noscitur a sociis* which may be freely translated as 'words of a feather flock together,' that is, the meaning of a word is to be judged by the company it keeps."). Truly, one of these things is not like the others: scuba diving, skin diving, sky diving, bicycle tours, mountain climbing, and "ocean bathing."

For those reasons, Aqualani did not have a duty under § 663-1.54 to warn Plaintiffs of the hazardous shorebreak at Kaanapali Beach.

## C.    Duty to Warn—Hawaii Common Law

Lastly, Plaintiffs argue that Aqualani had a duty to warn under common law.  ECF No. 102 at PageID ## 428–31.  Aqualani disagrees, arguing that "none of [Plaintiffs'] cited cases involve a tenant or vendor like Aqualani or facts analogous to this case."  ECF No. 116 at PageID # 742.  The court finds that Plaintiffs' evidence is insufficient to create a genuine issue of material fact as to whether Aqualani had a common law duty to warn.

The court must look to Hawaii common law for possible duties to warn, as there is no federal common law of negligence.  *See Goettig v. FS Lanai Inc.*, 2022 WL 252465, at *2 (D. Haw. Jan. 27, 2022).  And the hotelkeeper's statute—which concerns liability for "injury or loss on account of a hazardous condition on a beach or in the ocean," HRS § 486K-5.5—did not abrogate common-law-negligence duties relating to beach and ocean conditions.  *See Rygg v. Cnty. of Maui*, 98 F. Supp. 2d 1129, 1134–37 (D. Haw. 1999) (applying common law negligence to defendant hotel that was not "fronting" the beach, as that term is used in § 486K-5.5, after concluding that § 486K-5.5 did not abrogate common law duties arising from beach- and ocean-related injuries); *Goettig*, 2022 WL 252465, at *2 (summarizing and agreeing with the holding in *Rygg*).

In *Kamakawiwoole v. State*, 6 Haw. App. 235, 718 P.2d 1105 (1986), the Hawaii Intermediate Court of Appeals provided guidance regarding the types of situations in which duties to warn can arise. Specifically, the court described "three distinct fact patterns." *Id.*, 6 Haw. App. at 238 n.4, 718 P.2d at 1107 n.4; *see also Birmingham v. Fodor's Travel Publ'ns, Inc.*, 73 Haw. 359, 380–82, 833 P.2d 70, 81–82 (1992) (following *Kamakawiwoole* and discussing two of the three fact patterns). The first fact pattern is where an injury has occurred on land owned or occupied by the defendant. *Kamakawiwoole*, 6 Haw. App. at 238 n.4, 718 P.2d at 1107 n.4 (citing *Gibo v. City & Cnty. of Honolulu*, 51 Haw. 299, 301, 459 P.2d 198, 200 (1969)). The owning or occupying defendant may have a "duty to use reasonable care for the safety of all persons reasonably anticipated to be upon the premises," e.g., to fix or warn of hazardous conditions. *Gibo*, 51 Haw. at 301, 459 P.2d at 200. That duty arises from the defendant's possession and control of the premises. *See Wemple ex rel. Dang v. Dahman*, 103 Haw. 385, 393, 83 P.3d 100, 108 (2004).

The second fact pattern is where an injury has occurred not on land owned or occupied by the defendant, but rather in an area adjoining the land owned or occupied by the defendant, e.g., an adjacent ocean or beach. *Kamakawiwoole*, 6 Haw. App. at 238 n.4, 718 P.2d at 1107 n.4 (citing *Tarshis v. Lahaina Inv. Corp.*, 480 F.2d 1019 (9th Cir. 1973) (applying Hawaii law), and *McKinney v. Adams*, 68

12

Fla. 208, 66 So. 988 (1914) (applying Florida law)).  The owning or occupying defendant may have a "duty to warn that invitee of the dangers involved in engaging in the action" on the adjoining premises.  *Id.*, 6 Haw. App. at 237–38, 718 P.2d at 1107 (footnote omitted).  That duty arises from the defendant's "land fronting the beach and ocean [and] induc[ing] or invit[ing] a business or public invitee onto its land to engage in an action on the adjoining public beach."  *Id.*

The third fact pattern is where the defendant's affirmative conduct bears on an injury occurring on land or water that is neither owned or occupied by the defendant nor adjoining any land owned or occupied by defendant. *Kamakawiwoole*, 6 Haw. App. at 238 n.4, 718 P.2d at 1107 n.4 (citing *Geremia v. State*, 58 Haw. 502, 573 P.2d 107 (1977)).  The defendant may have a duty to warn of hazardous conditions despite its land not being involved in the incident.  *See Geremia*, 58 Haw. at 508, 573 P.2d at 112.  That duty arises from the defendant's "voluntarily undert[aking] a course of affirmative conduct intended to induce the plaintiff to engage in an action, and also create[ing] a false appearance of safety upon which the plaintiff relied to his or her detriment."  *Id.*[9]

---

[9] In *Geremia*, the Hawaii Supreme Court ultimately affirmed a judgment against plaintiffs' negligence claim because plaintiffs had used a short-cut trail to access the hazardous waterslide instead of the trail allegedly maintained by defendant State of Hawaii on private land and featuring an allegedly misleading sign.  *See* 58 Haw. at 510, 573 P.2d at 113.  But in reaching that decision, the court held that "occupier status was not a prerequisite to the existence of the duty" to warn a plaintiff when one "voluntarily undert[akes] a course of affirmative conduct intended to induce the plaintiff to engage in an action, and also create[s] a false

(continued . . . )

Because Aqualani does not own or occupy the area where Feola's injury occurred—i.e., the ocean and public shore—this case falls into either the second or third fact pattern, depending on whether Aqualani does or does not own or occupy the 424 square-foot space on Westin's pool deck.  For the second fact pattern—the *Tarshis* and *McKinney* fact pattern—Aqualani would have a duty to warn if four elements are met:  (1) Aqualani knew or should have known of the dangerous shorebreak on Kaanapali Beach; (2) Aqualani's inducement or invitation created a false appearance to Feola that it was safe to bathe in the ocean; (3) Aqualani knew or should have known that it was creating the false appearance of safety to Feola; and (4) Feola did not know of the dangers and a person of ordinary intelligence in Feola's situation would not have known of the dangers. *See Kamakawiwoole*, 6 Haw. App. at 237 n.3, 718 P.2d at 1107 n.3; *see also Littleton v. State*, 66 Haw. 55, 68, 656 P.2d 1336, 1345 (1982).

Plaintiffs cannot establish elements two and three with the evidence submitted.  Specifically, Plaintiffs cannot genuinely dispute that the facts establish that Aqualani did not create a false appearance that bathing in the ocean was safe—they have no evidence to the contrary.  The most Plaintiffs have to offer is Aqualani's setting up beach chairs and an umbrella next to the ocean, ECF No. 103

---

appearance of safety upon which the plaintiff relied to his or her detriment." *Id.*, 58 Haw. at 508, 573 P.2d at 112.

at PageID # 448, ¶¶ 17, 18, and Aqualani's providing Plaintiffs complimentary towels, *id.* at PageID # 446, ¶¶ 12, 13.  Those actions were insufficient to create a false appearance that the ocean was safe.  Nor was the fact that Aqualani rented ocean gear, e.g., snorkels and boogie boards, *id.* at PageID # 446, ¶ 13, to *other* customers in the past—Plaintiffs submitted no evidence and do not allege that they perceived others using such equipment or were offered to rent such equipment. *See id.* at PageID # 442–43, ¶ P21 (asserting that the *lease obligates* Aqualani to offer "Snorkel Equipment, Boogie Boards, [and] Aqua Eye Boards").

Alternatively, for the *Geremia* fact pattern, Aqualani would have a duty to warn if it intended to induce Feola to bathe in the ocean and created a false appearance of safety of the ocean upon which Feola relied to his detriment.  The evidence recited above is also insufficient to create a genuine issue of fact under the *Geremia* test.  Specifically, Plaintiffs cannot seriously contend that Aqualani induced Feola to bathe in the ocean by merely providing him chairs, an umbrella, and towels on Kaanapali Beach, much less that Aqualani intended to do so.

Regardless of how one views Aqualani's status in operating the leased area on Westin's pool deck, there are no genuine issues of fact as to whether

Aqualani had a duty to warn Plaintiffs of the hazardous shorebreak at Kaanapali Beach.  Aqualani is thus entitled to summary judgment.[10]

## III.  CONCLUSION

For the foregoing reasons, there are no triable issues of fact on Plaintiffs' negligence claim against Defendant Aqualani.  Aqualani's Motion for Summary Judgment, ECF No. 86, is GRANTED.  There are no remaining claims against Aqualani.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 13, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Feola et al. v. Westin Operator LLC et al.*, Civ. No. 20-00569 JMS-RT, Order Granting Defendant Aqualani's Motion for Summary Judgment, ECF No. 86

---

[10] Aqualani also challenges the breach and causation elements of Plaintiffs' negligence claim.  *See* ECF No. 86 at PageID ## 266–68.  But because the court grants Aqualani's Motion based on lack of duty, the court need not reach the issues of breach and causation.

16